IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 


NO. 59,527-01


 
 EX PARTE PERRY ALLEN AUSTIN





ORIGINAL HABEAS PROCEEDING


 FROM HARRIS COUNTY 




Per Curiam. Holcomb, J., would grant.



O R D E R



 This is a motion to allow the untimely filing of an application for a writ of habeas corpus under
Texas Code of Criminal Procedure, Article 11.071 § 4A in Cause No. 870377 in the 339th District
Court of Harris County.

 Applicant originally waived his right to counsel and was admonished on the danger of self
representation on appeal and habeas. Applicant twice asked the trial court to set a date for his execution
during the pendency of the automatic review of his conviction. When a date for execution was set, the trial
court admonished applicant that the trial court was not aware of any further legal remedies available to
applicant. A week before applicant was to be executed, he notified the trial court through pro bono
counsel, that he wished to proceed with his state writ of habeas corpus. The 



AUSTIN -2-


trial court then appointed counsel who proceeded under the assumption, as did the trial court and the State,
that he had time to file an initial application for writ of habeas corpus. An application was filed in the trial
court in what would have been a statutorily proper time if the statutory times had been calculated from the
date counsel was appointed.

 However, we do not look at the actions of counsel to determine this issue but to the actions or
inactions of applicant himself. The legislature established the mandatory times within which an applicant
had to file an application for writ of habeas corpus. When a defendant proceeds pro se he is subject to
the same time lines as if he is represented by counsel. Article 11.071 § 4(a) requires an application to be
filed within 45 days after the State files a brief on direct appeal. In this case the State notified applicant that
it waived its right to file a brief on January 13, 2003. Applicant had until February 27, 2003, to file an
application for habeas relief or request up to a 90 day extension of time under Article 11.071 § 4(b). 
Applicant took no action and forfeited his right to an extension of time. The time had clearly expired long
before September 2, 2003, when applicant notified the trial court of his desire to proceed with an
application for habeas relief.

 When counsel was appointed, the time for filing a timely application, including the time for obtaining
an extension, was already past. Applicant has offered no explanation for his dilatory acts or why this Court
should find that there is good cause to allow the filing of his application.

 Applicant's motion for leave to file is DENIED.

 IT IS SO ORDERED THIS THE 6TH DAY OF JULY, 2004

Do Not Publish